UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN SAKEVICH,

                                      Plaintiff,         **SECOND AMENDED COMPLAINT**

    -against-

CITY OF NEW YORK, MARTHA LEQUERICA, Individually,
TERESA NIVAR, Individually, JOSE MORALES, Individually,    13 CV 7165 (AKH)
NILKA VARGAS, Individually, ROBERTO VELOZ, Individually,
LUIS MARTINEZ, Individually, and JOHN DOE 1, Individually    <u>Jury Trial Demanded</u>
(the name John Doe being fictitious, as the true name is
presently unknown),

                                     Defendants.
------------------------------------------------------------------------X

       Plaintiff JOHN SAKEVICH, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JOHN SAKEVICH is a forty-nine year old man residing in Richmond County, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MARTHA LEQUERICA, TERESA NIVAR, JOSE MORALES, NILKA VARGAS, ROBERTO VELOZ, LUIS MARTINEZ, and JOHN DOE 1, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On July 10, 2012, at approximately 3:15 p.m., on 8th Avenue by the corner of 43rd Street, New York, New York, defendant MARTHA LEQUERICA, an NYPD sergeant who holds a supervisory rank, stopped plaintiff's vehicle without just cause to do so.

13. Defendant LEQUERICA ordered plaintiff out of his vehicle, and searched, handcuffed and arrested plaintiff without probable cause in the presence of, and/or with the assistance of, upon information and belief, defendants LUIS MARTINEZ and ROBERTO VELOZ.

14. Shortly after LEQUERICA handcuffed plaintiff defendants TERESA NIVAR, JOSE MORALES, and NILKA VARGAS arrived at the location.

15. Approximately two minutes after defendant LEQUERICA handcuffed plaintiff, LEQUERICA intentionally and unnecessarily tightened plaintiff's right handcuff, resulting in severe pain and discomfort to plaintiff.

16. Plaintiff immediately asked defendant officers LEQUERICA, NIVAR, MORALES, VARGAS, VELOZ, and MARTINEZ to loosen the handcuff.

17. Plaintiff explained to the defendant officers that his hand was in pain and going numb.

18. Plaintiff's request to loosen the handcuff was ignored by defendants LEQUERICA, NIVAR, MORALES, VARGAS, VELOZ, and MARTINEZ.

19. Plaintiff was thereafter imprisoned in a police van with defendant officers

NIVAR, MORALES, and JOHN DOE 1, a uniformed police officer.

20. While inside the van, plaintiff repeatedly requested that NIVAR, MORALES, and JOHN DOE 1 loosen his handcuff or provide him with medical treatment.

21. NIVAR, MORALES, and JOHN DOE 1 ignored plaintiff's requests, thus contributing to plaintiff's pain and suffering.

22. NIVAR and MORALES transported plaintiff to an NYPD police precinct.

23. At approximately 4:15 p.m., NYPD officers removed plaintiff's handcuffs and imprisoned plaintiff in a holding cell.

24. While plaintiff was imprisoned in the holding cell, he complained to an emergency medical technician ("EMT") that his right wrist and hand had been injured from the handcuffs. The EMT gave plaintiff icepacks for his wrist.

25. Plaintiff was imprisoned until July 11, 2012, when plaintiff was arraigned on baseless charges filed in New York County Criminal Court on docket no. 2012NY0053435; said charges having been filed based on the false allegations of defendant LEQUERICA. Defendant LEQUERICA initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit (without limitation): out of her personal animus for plaintiff.

26. Defendant LEQUERICA created and manufactured false evidence against plaintiff and used same against him in said legal proceedings.

27. Specifically, LEQUERICA falsely alleged that plaintiff ignored LEQUERICA's order to stop plaintiff's vehicle, that plaintiff nearly struck LEQUERICA with his vehicle, and

4

that when LEQUERICA was placing plaintiff under arrest plaintiff refused to place his hands behind his back thereby making it difficult to arrest plaintiff. These allegations are entirely false.

28.     As a result of these false allegations, defendant LEQUERICA caused plaintiff to be prosecuted on charges that plaintiff committed the following crimes: Obstruction of Governmental Administration in the Second Degree (P.L § 195.05) and Resisting Arrest (P.L. § 205.30).

29.     As a result of defendant LEQUERICA's false allegations, which she conveyed to the New York County District Attorney's Office, plaintiff was compelled to return to Court until on April 8, 2013, when all of the purported charges levied against plaintiff based on the false allegations of the defendant LEQUERICA were dismissed in New York County Criminal Court.

30.     As a result of defendant LEQUERICA's conduct, and defendants NIVAR, MORALES, VARGAS, VELOZ, MARTINEZ and JOHN DOE 1's indifference to plaintiff's request for aid, plaintiff sustained pain, numbness and injuries to his right wrist and hand. Plaintiff sought treatment for said injuries and was diagnosed with crush injuries to his radial nerve and swelling of the carpal tunnel. After a course of conservative treatment, plaintiff underwent surgery. Notwithstanding plaintiff's efforts to treat the needless injuries inflicted on him, his injuries are permanent.

31.     The defendant NYPD officers LEQUERICA, NIVAR, MORALES, VARGAS, VELOZ, MARTINEZ and JOHN DOE 1 either directly participated in and/or failed to intervene in the illegal conduct described herein.

32.     Defendant LEQUERICA supervised defendants NIVAR, MORALES, VARGAS, VELOZ, MARTINEZ and JOHN DOE 1's, and ordered the arrest of plaintiff, subjected plaintiff

5

to excessive force, and over saw and supervised the defendants involved in plaintiff's confinement and arrest.

33. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and a *de facto* custom and practice of falsification and using unreasonable force to show who's boss.

34. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: the use of force; proper handcuffing techniques and responses to complaints of tight handcuffing; that they improperly abuse their authority to arrest individuals and commit perjury or manufacture evidence to arrest individuals out of animus and without probable cause; that they engage in a practice of falsification; and that they use force pursuant to a custom or practice of showing who's boss.

35. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

36. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

6

supervise them.

37. As a result of the foregoing, plaintiff JOHN SAKEVICH sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiff JOHN SAKEVICH of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law,

7

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. Defendants LEQUERICA, VELOZ, and MARTINEZ arrested plaintiff JOHN SAKEVICH without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

45. Defendants caused plaintiff JOHN SAKEVICH to be falsely arrested and unlawfully imprisoned.

46. As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The level of force employed by defendants LEQUERICA, NIVAR, MORALES, VARGAS, VELOZ, MARTINEZ and JOHN DOE 1 was excessive, objectively unreasonable and otherwise in violation of plaintiff JOHN SAKEVICH'S constitutional rights.

49. As a result of the aforementioned conduct of defendants, plaintiff JOHN SAKEVICH was subjected to excessive force and sustained physical and emotional injuries.

50. As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants LEQUERICA, NIVAR, MORALES, VARGAS, VELOZ, MARTINEZ and JOHN DOE 1, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

53. As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendant LEQUERICA created false evidence against plaintiff JOHN SAKEVICH.

56. Defendant LEQUERICA utilized this false evidence against plaintiff JOHN SAKEVICH in legal proceedings.

57. As a result of defendants' creation and use of false evidence, plaintiff JOHN

SAKEVICH suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

58.    As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

59.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendant LEQUERICA issued criminal process against plaintiff JOHN SAKEVICH by causing his arrest and prosecution in a criminal court.

61.    Defendant LEQUERICA caused plaintiff JOHN SAKEVICH to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

62.    As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

63.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants NIVAR, MORALES, VARGAS, VELOZ, MARTINEZ and JOHN DOE 1 had an affirmative duty to intervene on behalf of plaintiff JOHN SAKEVICH, whose constitutional rights were being violated in their presence by other officers.

65. The defendants failed to intervene to prevent the unlawful conduct described herein.

66. As a result of the foregoing, plaintiff JOHN SAKEVICH'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to over tight handcuffing, and compelled to appear in criminal court.

67. As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees; using unreasonable force, including

handcuffing, and a pattern and practice of falsification, that were the moving force behind the violation of plaintiff JOHN SAKEVICH'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN SAKEVICH.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHN SAKEVICH as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOHN SAKEVICH as alleged herein.

74. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JOHN SAKEVICH was unlawfully arrested and subjected to excessive force.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHN SAKEVICH'S constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff JOHN SAKEVICH of

federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from excessive force;

    D.    To be free from the failure to intervene;

    E.    To receive his right to fair trial;

    F.    To be free from deliberate indifference to serious medical needs; and

    G.    To be free from malicious abuse of process.

77.    As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

78.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

80.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

81.    This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

82. Plaintiff has complied with all conditions precedent to maintaining the instant action.

83. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendant LEQUERICA, VELOZ, and MARTINEZ arrested plaintiff JOHN SAKEVICH without probable cause.

86. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

87. As a result of the aforementioned conduct, plaintiff JOHN SAKEVICH was unlawfully imprisoned in violation of the laws of the State of New York.

88. As a result of the aforementioned conduct, plaintiff JOHN SAKEVICH suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

89. As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. As a result of the foregoing, plaintiff JOHN SAKEVICH was placed in apprehension of imminent harmful and offensive bodily contact.

92. As a result of defendants LEQUERICA, NIVAR, MORALES, VARGAS, VELOZ, MARTINEZ and JOHN DOE 1's conduct, plaintiff JOHN SAKEVICH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendants LEQUERICA, VELOZ, and MARTINEZ made offensive contact with plaintiff JOHN SAKEVICH without privilege or consent.

96. As a result of defendants' conduct, plaintiff JOHN SAKEVICH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

97.     As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

98.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Defendant LEQUERICA issued criminal process against plaintiff JOHN SAKEVICH by causing him to be arrested, arraigned and prosecuted in criminal court.

100.    Defendant LEQUERICA caused plaintiff JOHN SAKEVICH to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

101.    As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    The aforementioned conduct was extreme and outrageous, and exceeded all

reasonable bounds of decency.

104. The aforementioned conduct was committed by defendants LEQUERICA, NIVAR, MORALES, VARGAS, VELOZ, MARTINEZ and JOHN DOE 1, while acting within the scope of their employment by defendant CITY OF NEW YORK.

105. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

106. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff JOHN SAKEVICH.

107. As a result of the aforementioned conduct, plaintiff JOHN SAKEVICH suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

108. As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

111.  As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

112.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.  Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

114.  As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

115.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.  As a result of defendants' conduct, plaintiff JOHN SAKEVICH was deprived of

his right to security against unreasonable searches, seizures, and interceptions.

117. As a result of the foregoing, plaintiff JOHN SAKEVICH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOHN SAKEVICH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 10, 2015

>LEVENTHAL LAW GROUP, P.C.
>Attorneys for Plaintiff JOHN SAKEVICH
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 556-9600
>
>By: _____/s_____
>JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

JOHN SAKEVICH,

                                                  Plaintiff,                        13 CV 7165 (AKH)

    -against-

CITY OF NEW YORK, MARTHA LEQUERICA, Individually,
TERESA NIVAR, Individually, JOSE MORALES, Individually,
NILKA VARGAS, Individually, ROBERTO VELOZ, Individually,
LUIS MARTINEZ, Individually, and JOHN DOE 1, Individually
(the name John Doe being fictitious, as the true name is
presently unknown),

                                             Defendants.
--------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600